UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ANTONIO ENRIQUE PIRRUCCIO, and all
others similarly situated under 29 U.S.C.
216(b),

        Plaintiff,                            CASE NO.: 18-cv-23650-Cooke/Goodman

vs.

CHAMPION WELDING SERVICES, LLC.,
and VICTOR DAVID TUCKLER,

        Defendants.
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants Champion Welding Services, LLC and Victor David Tuckler's (collectively, "Defendants") Answer and assert Affirmative Defenses to Plaintiff Antonio Enrique Pirruccio's Complaint as follows:

1. With respect to paragraph 1, deny.

2. With respect to paragraph 2, admit.

3. With respect to paragraph 3, admit.

4. With respect to paragraph 4, Defendants admit Victor Tuckler is a corporate officer and owner of Champion Welding Services, LLC who ran its day-to-day operations, but deny the remaining allegations.

5. With respect to paragraph 5, admit.

6. With respect to paragraph 6, deny.

7. With respect to paragraph 7, deny.

8. With respect to paragraph 8, deny.

9. With respect to paragraph 9, Defendants admit Plaintiff performed work that included welding for Champion Welding Services, LLC from on or about June 3, 2018 through August 31, 2018, but deny the remaining allegations.

10. With respect to paragraph 10, Defendants admit that Champion Welding Services, LLC had two employees and used materials that had traveled through interstate commerce during the period relevant to this case, but Defendants deny the remaining allegations because no enterprise coverage exists due to applicable revenues being less than $500,000.

11. With respect to paragraph 11, Defendants admit that Champion Welding Services, LLC regularly employed two or more employees for the relevant period who used materials that had traveled through interstate commerce, but Defendants deny the remaining allegations.

12. With respect to paragraph 12, deny.

13. With respect to paragraph 13, deny.

14. With respect to paragraph 14, deny.

15. With respect to paragraph 15, deny. With respect to the WHEREFORE clause immediately following paragraph 15, deny.

16. With respect to the COMES NOW PLAINTIFF clause immediately preceding paragraph 16, Defendants assert their responses to paragraphs 1 - 15 of this Answer as though fully set forth herein. With respect to paragraph 16, deny.

17. With respect to paragraph 17, deny.

18. With respect to paragraph 18, deny.

19. With respect to paragraph 19, deny. With respect to the WHEREFORE clause immediately following paragraph 19, deny.

20. With respect to the COMES NOW PLAINTIFF clause immediately preceding

paragraph 20, Defendants assert their responses to paragraphs 1 - 19 of this Answer as though fully set forth herein. With respect to paragraph 20, deny.

21. With respect to paragraph 21, deny.

22. With respect to paragraph 22, deny.

23. With respect to paragraph 23, deny.

24. With respect to paragraph 24, deny. With respect to the WHEREFORE clause immediately following paragraph 24, deny.

25. With respect to the COMES NOW PLAINTIFF clause immediately preceding paragraph 25, Defendants assert their responses to paragraphs 1 - 24 of this Answer as though fully set forth herein. With respect to paragraph 25, deny.

26. With respect to paragraph 26, deny.

27. With respect to paragraph 27, deny.

28. With respect to paragraph 28, deny.

29. With respect to paragraph 29, deny.

30. With respect to paragraph 30, deny.

31. With respect to paragraph 31, deny.

32. With respect to paragraph 32, deny. With respect to the WHEREFORE clause immediately following paragraph 32, deny.

33. With respect to the COMES NOW PLAINTIFF clause immediately preceding paragraph 33, Defendants assert their responses to paragraphs 1 - 32 of this Answer as though fully set forth herein. With respect to paragraph 33, deny.

34. With respect to paragraph 34, deny.

35. With respect to paragraph 35, deny. With respect to the WHEREFORE clause immediately following paragraph 35, deny.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

With respect to Counts 3, 4 and 5, Defendants assert the affirmative defense of set-off because Plaintiff intentionally or recklessly caused damage to Champion Welding Services, LLC's property and business.

### SECOND AFFIRMATIVE DEFENSE

With respect to Count 5, Defendants assert the affirmative defense of unclean hands because Plaintiff intentionally or recklessly caused damage to Champion Welding's property.

## RELIEF SOUGHT

Defendants seek dismissal of this case and recovery of their attorney's fees and costs.

## JURY DEMAND

Defendants demand trial by jury.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was served by means of the Court's electronic filing system on October 22, 2018 on all counsel of record or parties on the attached service list.

        Respectfully submitted,

        Mavrick Law Firm
        Attorneys for Defendants
        Champion Welding Services, LLC
        and Victor David Tuckler
        1620 West Oakland Park Boulevard
        Suite 300
        Fort Lauderdale, Florida 33311
        Telephone: (954) 564-2246
        Peter T. Mavrick, Esq.
        E-mail: peter@mavricklaw.com
        Steven M. Canter, Esq.
        E-mail: steven@mavricklaw.com

        BY: /s/ Peter T. Mavrick
        Peter T. Mavrick
        Florida Bar No.: 0083739
        Steven M. Canter
        Florida Bar No.: 605891

## SERVICE LIST

J.H. Zidell, Esq.
zabogado@aol.com
Natalie Staroschak, Esq.
nstar.zidellpa@gmail.com
J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel. 305.865.6766
Fax. 305.865.7167
Counsel for Plaintiff